95 F.3d 1168
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
DONNELLY CORPORATION, Plaintiff-Appellant,
v.
GENTEX CORPORATION, Defendant-Appellee.
 No. 96-1103.
 United States Court of Appeals, Federal Circuit.
 Aug. 19, 1996.
Rehearing Denied Oct. 2, 1996.
 
 Before MAYER, MICHEL, and SCHALL, Circuit Judges.
 
 PER CURIAM
 
 1
 Donnelly Corporation appeals from an order and partial final judgment of the United States District Court for the Western District of Michigan, Donnelly Corp. v. Gentex Corp., No. 1:93-CV-530 (Nov. 16, 1995), holding claims 1, 17, 28, and 41 of U.S. Patent No. 4,626,210 ('210 patent) and claims 48-52 of U.S. Patent No. 4,733,336 ('336 patent) invalid. We vacate and remand.
 
 
 2
 On July 8, 1993, Donnelly filed this suit against Gentex Corporation for infringement of four related patents. On April 14, 1995, Gentex moved for summary judgment that the then asserted claims of the '210 patent and the '336 patent were invalid for violating the on-sale prohibition of 35 U.S.C. § 102(b) (1994). The asserted claims were claims 1, 17, 28, and 41 of the '210 patent, and claims 48-52 of the '336 patent. On August 29, 1995, the district court granted Gentex's motion and held these claims invalid.
 
 
 3
 At some point after the filing of the complaint, Donnelly attempted to assert claims 4, 19, 22 and 37 of the '210 patent, and Gentex moved for dismissal of the newly asserted claims. In response to Gentex's motion, on September 25, 1995, the district court issued an order in which it said that the newly asserted claims were also invalid. The pertinent part of the order stated:
 
 
 4
 It is further ordered that defendant's motion to preclude newly identified claims (Dkt. no. 240) is granted to the extent that defendant is granted summary judgment as to the newly asserted claims.
 
 
 5
 It is further ordered that the Court determines as a matter of law pursuant to Rule 56 that Claims 4, 19, 22 and 37 of U.S. Patent No. 4,646,210 are invalid under Title 35 United States Code Section 102(b).
 
 
 6
 In the opinion accompanying the order, the court stated:
 
 
 7
 The Court, however, grants defendants' [sic] motion to preclude new claims not as a sanction under Rule 37 but as a consequence of the Court's prior ruling that the claims raised as to the '210 and '336 patents are barred under Title 35 United States Code Section 102(b). This is evident from an examination of those new claims which confirms that they like the other claims are precluded by the doctrine of the on-sale bar.
 
 
 8
 On September 13, 1995, Donnelly moved for entry of partial final judgment on the '210 and the '336 patents under Federal Rule of Civil Procedure 54(b). The district court granted the motion on November 16, 1995. The partial final judgment, in pertinent part, states:
 
 
 9
 In accordance with the Court's Opinion and Order of this date, and upon determining that there is no just reason for delay and upon authorizing under Federal Rule of Civil Procedure 54(b) the entry of a partial final judgment;
 
 
 10
 It is hereby ordered that the Court determines as a matter of law pursuant to Rule 56 that Claims 1, 17, 28, and 41 of U.S. Patent no. 4,626,210 and Claims 48-52 of U.S. Patent no. 4,733,336 are invalid under Title 35 United States Code Section 102(b).
 
 
 11
 It is further ordered that the Court grants defendant Gentex Corporation partial final judgment concerning plaintiff Donnelly Corporation's infringement claims concerning said patents. [Emphasis added.]
 
 
 12
 Donnelly immediately appealed from the partial final judgment.
 
 
 13
 In its briefs here, Donnelly maintains that the newly asserted claims of the '210 patent, which were the subject of the district court's September 25 summary judgment, are part of the partial final judgment even though they are not specifically mentioned in the district court's partial final judgment, order, or the accompanying opinion. Gentex responds that this court lacks jurisdiction to consider the newly asserted '210 claims because Donnelly did not move for, and the district court did not grant, partial final judgment on them; and Donnelly did not appeal from the September 25 summary judgment order. At oral argument, Gentex further asserted that the new claims were never part of the case before the district court. Donnelly disagreed, citing the district court's September 25 grant of summary judgment which held that the claims were invalid.
 
 
 14
 We agree with Donnelly that the newly asserted claims were before the district court, as evidenced by the grant of summary judgment on those claims. We do not agree with Donnelly, however, that the newly asserted claims are part of the district court's partial final judgment. In its motion for partial final judgment and supporting memorandum, Donnelly specifically requested "entry of final judgment on the order of the court dated August 29, 1995 " and there are numerous other references to the August 29 summary judgment throughout Donnelly's motion and memorandum. There are, of course, no references to the September 25 summary judgment because Donnelly's motion for partial final judgment and supporting memorandum predated that action by 12 days. No indication appears in the record that Donnelly amended or modified its motion.
 
 
 15
 Additionally, the district court's partial final judgment explicitly grants judgment only for "Claims 1, 17, 28, and 41 of U.S. Patent no. 4,626,210 and Claims 48-52 of U.S. Patent no. 4,733,336." The opinion accompanying the partial final judgment only discussed the '210 and the '336 patents briefly and did not mention the newly asserted claims. Rather, the court specifically stated that "[t]his matter is before the Court on the motion of Plaintiff Donnelly Corporation for entry of final judgment under Federal Rule of Civil Procedure 54(b) as to claims that the Court granted summary judgment upon by its Order and Opinion of August 29, 1995." (Emphasis added).
 
 
 16
 We conclude that the district court's partial final judgment addressed only the August 29 grant of summary judgment on the originally asserted claims. There is no evidence that the district court considered the newly asserted claims in its grant of partial final judgment, and there is overwhelming evidence that it did not. Those claims are therefore not before us on appeal and remain with the district court until final judgment is entered.
 
 
 17
 We are faced then with reviewing a partial final judgment of invalidity of some, but not all, of the asserted claims of the '210 patent along with the asserted claims of the technologically and factually related '336 patent. The remainder of the claims of the '210 patent, and the other patents that were not the subject of this appeal, remain before the district court and may yet arrive here in the indeterminate future.
 
 
 18
 Federal Rule of Civil Procedure 54(b) allows a district court to "direct the entry of a final judgment as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." We review a Rule 54(b) certification to determine the finality of the judgment, and the separateness of the claims for relief. W.L. Gore & Assocs., Inc. v. International Medical Prosthetics Research Assocs., Inc., 975 F.2d 858, 862 (Fed.Cir.1992). "The separateness of the claims for relief ... is a matter to be taken into account in reviewing the trial court's exercise of discretion in determining that there is no just reason to delay the appeal." Id. (citing Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8 (1980)). A primary focus in determining the separateness of the claims is whether an appellate court will have to decide the same issues again. See Curtiss-Wright Corp., 446 U.S. at 8 (stating that it is proper for the district court "to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.")
 
 
 19
 The term "claim" as used in Rule 54(b) refers, of course, to a claim in a cause of action, not to individual patent claims. Although each claim of a patent is distinct, and infringement of any one of the claims is still infringement of the patent, it is difficult to imagine a case in which subject matter is sufficiently related to be covered by a single patent, and yet sufficiently distinct as to warrant the grant of a motion for partial final judgment. In this case there is no question that the four claims of the '210 patent which are subject to the partial final judgment are not sufficiently distinct from the other claims of the same patent which remain before the district court. The validity of all the '210 claims in the face of the asserted on-sale bar defense is factually intertwined with the history of the '210 patent. Three of the four newly asserted claims which remain before the district court even depend from a claim subject to the partial final judgment. All the asserted claims of the '210 patent were held invalid under the on-sale bar provision of 35 U.S.C. § 102(b) for the same reasons. Finally, the facts surrounding this on-sale bar overlap the facts surrounding the on-sale bar raised against the '336 patent.
 
 
 20
 Because there was much confusion over which claims are before this court, the presentation of the appeal has been deficient. Donnelly relies heavily on the claims which are not subject to the partial final judgment. Gentex, on the other hand, adhering to the district court's explicit judgment, merely says that we lack jurisdiction over the newly asserted claims and does not address them further. Aside from the waste of resources attending piecemeal review of related claims, we see it as singularly inappropriate to address the case in this fragmentary way.